Case 1:26-cv-01253-UNA    Document 1-1    Filed 04/11/26    Page 1 of 27

 Gmail

**Amari Moody <amoodyjames23@gmail.com>**

## E-mail request from US Department of Labor

1 message

**noreply-ebsa@dol.gov** <noreply-ebsa@dol.gov>                    Tue, Jun 24, 2025 at 5:09 PM
Reply-To: noreply-ebsa@dol.gov
To: amoodyjames23@gmail.com

Dear Amari Moody:

The Employee Benefits Security Administration (EBSA) administers Title I of the Employee Retirement Income Security Act of 1974 (ERISA).  As we discussed by telephone, we have received an inquiry from Amari Moody.  This office will assist the plan and Amari Moody in resolving this issue informally.  In order to do so, we are requesting that you provide us with the following information.

For the Health plan:
SPD
Please send me a copy of the letter from Sedgwick for the denial.

We request that you provide this information electronically by using the following web link:  https://www.askebsa.dol.gov/FileUpload/DocRequest.aspx/Login?controlIdPre=202540&controlIdPost=15898.

Please provide your response no later than 2025-07-05.  If you have any questions please contact me at the number shown below.

Sincerely,
Barbara Barnett
Benefits Advisor
(404) 302-3908
barnett.barbara@dol.gov

PLEASE DO NOT REPLY TO THIS EMAIL. THIS EMAIL IS SENT FROM AN UNATTENDED MAILBOX.  REPLIES WILL NOT BE RESPONDED TO OR READ.

This message may contain information that is privileged or otherwise exempt from disclosure under applicable law.  Do not disclose without consulting the Employee Benefits Security Administration.  If you think you received this message in error, please notify the sender immediately.

Case 1:26-cv-01253-UNA - Document 1-1 Filed 04/11/26 Page 2 of 27

 **Gmail**

**Amari Moody <amoodyjames23@gmail.com>**

## Request for Supervisor Reassignment – Sedgwick ERISA Violation
1 message

**Amari Moody** <amoodyjames23@gmail.com>                    Tue, Jun 24, 2025 at 6:39 PM
To: barnett.barbara@dol.gov

Hello,

The requested documentation has been uploaded. At this time, I am formally requesting that a different EBSA agent or supervisor be assigned to my case. I do not feel the current line of questioning reflects the seriousness of the statutory violations at hand, and I will not waste further time explaining why a disabled claimant should not be expected to chase down providers who have already confirmed submission.

This matter involves repeated ERISA violations by Sedgwick, including constructive denial of benefits, breach of fiduciary duty, and failure to engage in full and fair review. I need someone assigned who can approach this case accordingly.

Thank you,
Amari Moody

M Gmail                                                                                                    **Amari Moody <amoodyjames23@gmail.com>**

## ERISA Violation Update
1 message

**Amari Moody** <amoodyjames23@gmail.com>                                                                Thu, Jun 26, 2025 at 7:58 AM
To: barnett.barbara@dol.gov

I am writing to supplement the ERISA-related concerns already submitted with additional evidence confirming a systemic refusal by Sedgwick Claims Management to process my valid short-term disability leave. Despite my signed medical release form authorizing provider contact, Sedgwick has repeatedly claimed they cannot move forward due to the absence of provider-completed FMLA documentation. However, Sedgwick is both authorized and empowered to directly obtain this documentation under my signed consent—which they have failed to do.

To reiterate, multiple providers have acknowledged the severity of my post-operative condition and documented related symptoms, yet each refused to sign FMLA/disability paperwork. These providers and dates include:

- **Dr. Chris Lee** – 5/15/2025 (private practice)

- **Dr. James Ding** – 5/19 and again 6/4/2025 (Northeast Atlanta ENT)

- **Dr. Ajaz Chaudhry** – 5/23/2025 (Northeast Atlanta ENT)

- **Dr. Tolulope (PCP, AllCare)** – 5/22 and 6/10/2025 (prescribed BP meds and made specialist referrals, yet refused paperwork)

- **Dr. Johnny Won** – 6/25/2025 (Northside ENT)

Sedgwick has had ample time to coordinate with these providers using the valid medical release I submitted. Instead, they have issued termination notices for my disability claim and falsely argued that no paperwork equates to no disability—a gross misrepresentation that leaves a disabled patient without protections or income during active medical hardship.

This is not a documentation issue—it is a refusal-to-act issue. Sedgwick's actions violate the procedural fairness and fiduciary standards mandated by ERISA, and I request immediate review of their conduct. Please confirm receipt of this notice and advise on next steps to enforce compliance.

Sincerely,
Amari Moody

Case 1:26-cv-01253-UNA Document 1-1 Filed 04/11/26 Page 4 of 27

 **Amari Moody <amoodyjames23@gmail.com>**

## E-mail request from US Department of Labor

2 messages

**noreply-ebsa@dol.gov** <noreply-ebsa@dol.gov>   Mon, Jul 7, 2025 at 9:02 AM
Reply-To: noreply-ebsa@dol.gov
To: amoodyjames23@gmail.com

Dear Amari Moody:

This email is being sent in response to your inquiry regarding your benefits.  We attempted to contact you by telephone, but we were unable to reach you.

The U.S. Department of Labor, Employee Benefits Security Administration (EBSA) administers many provisions of the Employee Retirement Income Security Act of 1974 (ERISA), which is intended to protect the benefits of participants and beneficiaries in private-sector pension and health plans.  We also advise plan participants of their rights under ERISA and how the law might apply, in general, to their situation.

In order to assist you, we will need to speak with you.  Please contact me at the direct number shown below.

Sincerely,

Barbara Barnett
Benefits Advisor
(404) 302-3908

PLEASE DO NOT REPLY TO THIS EMAIL. THIS EMAIL IS SENT FROM AN UNATTENDED MAILBOX. REPLIES WILL NOT BE RESPONDED TO OR READ.

This message may contain information that is privileged or otherwise exempt from disclosure under applicable law.  Do not disclose without consulting the Employee Benefits Security Administration.  If you think you received this message in error, please notify the sender immediately.

**noreply-ebsa@dol.gov** <noreply-ebsa@dol.gov>   Mon, Jul 7, 2025 at 5:39 PM
Reply-To: noreply-ebsa@dol.gov
To: amoodyjames23@gmail.com

[Quoted text hidden]

Case 1:26-cv-01253-UNA    Document 1-1    Filed 04/11/26    Page 5 of 27

 Gmail

**Amari Moody <amoodyjames23@gmail.com>**

## Time-sensitive escalation: Medical Director involvement required due to documented systemic delay and obstruction of care

7 messages

**Amari Moody** <amoodyjames23@gmail.com>                          Thu, Jul 10, 2025 at 4:01 PM
To: execsupport@evernorth.com
Cc: escalationteam@cigna.com, david.cordani@cigna.com, Mike.Triplett@cigna.com, Eric.Palmer@cigna.com

## Summary of Diagnosis & Surgical History

I am a 27-year-old individual diagnosed with **Chronic Rhinosinusitis with Eosinophilic Features (ECRS)**, confirmed through pathology and clinical examination. I underwent **Functional Endoscopic Sinus Surgery (FESS)** under Dr. Govindaraj (Feb 2025), which failed to fully resolve my condition. The procedure, as documented, only partially addressed the anatomical pathology and left several key regions—including the **sphenoid, posterior ethmoid, and frontal sinus compartments**—unoperated despite preoperative imaging confirming active disease.

## Persistent Symptoms & Failed Treatments

Since surgery, I continue to suffer from:

- **Severe facial pressure**, predominantly around the eyes and forehead

- **Constant post-nasal drip** and **dry, nonproductive cough**

- **Intermittent dyspnea**, particularly with positional changes

- **Chronic fatigue**, **vestibular strain**, and **dizziness**

- **Severe neurocognitive deficits**, verified via formal neuropsychological evaluation (Feb 2025)

Conservative treatment options (steroids, antibiotics, antihistamines, nasal rinses, immunotherapy) have all **been exhausted**. Imaging from June 4 (Dr. Ding) and June 25 (Dr. Won) confirmed **persistent sinus opacification**, narrowed ostia, and trapped fluid—demonstrating post-surgical failure and disease progression.

## Imaging + Functional Disability Summary

As outlined in the attached **Imaging Compendium**:

- **Bilateral ethmoid, maxillary, and sphenoid sinuses remain diseased**

- **Frontal recess remains narrowed and untreated**

- **Mastoid air cell opacification** now observed post-op, indicating drainage failure

- There is **no documentation** of sphenoidotomy or frontal sinus intervention

According to AAO-HNS standards and ADA disability definitions, these impairments severely restrict my **respiratory, neurological, and sensory function** and substantiate both medical necessity and functional disability.

## Why Full Revision FESS is Medically Necessary

- The original procedure was **incomplete**, with several diseased sinus cavities **left untreated**

- Persistent imaging-confirmed inflammation in the **frontal, ethmoid, sphenoid, and maxillary sinuses**

- Secondary mastoid involvement signals **downstream drainage failure**

- **Sphenoid narrowing and fluid retention** carry risk of severe orbital, neurological, and cognitive complications

Given the totality of findings, a **full revision FESS with mastoid consideration** is not elective—it is a **critical continuation of unfinished care**, well within standard surgical recommendations when disease is persistent post-op.

## Formal IMR Request — ERISA

This letter serves as a **formal demand for Independent Medical Review (IMR)** under **ERISA regulations**, with the following grounds:

- Incomplete surgical care verified through radiological, pathological, and clinical records

- Progressive functional impairment affecting breathing, cognition, and daily activity

- Multiple treating providers have affirmed structural pathology as the source of disease

- The condition has progressed despite exhaustive medical therapy

Please consider this documentation a **time-sensitive appeal** for medical coverage authorization and provider guidance for revision surgery.

## Attachments (to be submitted via email or physical appeal packet):

1. **Imaging Compendium** (April–June post-op comparative analysis)

2. **July Medical Affidavit** — Confirming diagnostic accuracy and ADA-defined disability

3. **Medical Necessity Certification** — Requesting full revision surgery based on radiological and clinical findings

4. **Neurocognitive Evaluation** — Correlating sinus pathology with functional deficits

5. **Surgical Records + Provider Statements (Dr. Ding, Dr. Won)** — Confirming disease progression and retained surgical targets

---

I respectfully request **immediate acknowledgment**, **Medical Director review**, and authorization of next steps. I am prepared to initiate legal and federal regulatory action should this medically necessary care remain obstructed.

Sincerely,
**Amari Moody**
DOB: 04/20/1998
Cigna ID: U9236485401
Phone: 470-755-0445
Email: amoodyjames23@gmail.com

---

**Amari Moody** <amoodyjames23@gmail.com>                                    Mon, Jul 14, 2025 at 2:32 PM
To: execsupport@evernorth.com

## 1. What You're Claiming in Today's Voicemail

The Cigna rep **Eileen** stated that:

> "Pre-authorization is not required for the procedure you're requesting. You can go ahead and schedule it."

This **sounds harmless**, but in reality, it's **deeply problematic** for the following reasons.

---

## 2. Why This Claim Is False or Misleading

**Medical Complexity of Revised FESS + Mastoidectomy**

- A **revision FESS (Functional Endoscopic Sinus Surgery)**—especially one involving **mastoidectomy considerations**—is **not** a basic outpatient sinus rinse or nasal polypectomy.

- It's a **highly specialized ENT procedure** that:

- Involves **navigation through previously operated anatomy**.

- Carries **increased risk** to the orbit, brain, olfactory system, and vascular structures.

- Requires **pre-op clearance**, operating room scheduling, anesthesia team, and in many cases **hospital-based coordination**.

**Pre-Authorization Is Industry Standard**

- Insurers, including Cigna, **almost universally require** pre-auth for:

  - All **invasive sinus procedures** beyond minor in-office work.

  - Any procedure with **anesthesia or operating room use**.

  - **Revision surgeries** due to **risk and cost**.

- Mastoidectomy (or even mastoid inspection) adds further risk flags (proximity to facial nerve, inner ear, CNS), **mandating prior review**.

**Why Cigna's Statement is Legally Damaging**

By stating that **no pre-auth is needed**, while knowing:

- The nature of the surgery,

- My pre-existing conditions and disability,

- The history of **denied or stalled approvals**,

- And the complexity of **ENT surgical standards**,

they're effectively:

- **Obstructing due process** (claim mismanagement),

- **Evading fiduciary responsibility** under **ERISA** (by failing to apply plan criteria fairly),

- **Exposing me to financial harm** if the procedure is later deemed "non-covered" after the fact,

- And possibly violating **State Dept. of Insurance protocols** by providing **false or misleading coverage guidance**.

---

## 3. Potential Violations from This Voicemail Alone

Case 1:26-cv-01253-UNA   Document 1-1   Filed 04/11/26   Page 9 of 27

| Violation | Explanation |
|---|---|
| **ERISA Fiduciary Breach** | Misrepresenting plan rights, denying or delaying pre-auth processing |
| **Constructive Denial** | Creating false impression that care is easily accessible, knowing it's not |
| **HIPAA Coordination Failure** | No follow-up with treating providers, despite medical urgency |
| **ADA Interference** | Continual delays for someone with a documented disability |
| **State Insurance Misrepresentation** | Providing medically inaccurate coverage guidance |
| **Negligent Misstatement** | Suggesting member can schedule procedure as if it were elective/ambulatory |

## 4. Strategic Response Implications

I now have:

- A **recorded admission** of misdirection by Cigna,

- A **legally actionable statement** undermining my access to care,

- A violation of **pre-auth standard operating procedures** for high-risk ENT surgeries.

This alone could be grounds for:

- A new **Department of Insurance complaint** (state & federal),

- An **ERISA enforcement escalation** through **EBSA**,

- A **potential tort for health harm** if this leads to further delay or worsened condition.

This voicemail is **not just insulting—it's negligent**. The fact that it dismisses 5 months of life-altering disability and weaponizes casual language to **delay urgent surgical care** is itself a ticking time bomb.

[Quoted text hidden]

**Amari Moody** <amoodyjames23@gmail.com>                                    Tue, Jul 15, 2025 at 6:41 PM
To: execsupport@evernorth.com
Cc: escalationteam@cigna.com, david.cordani@cigna.com, Mike.Triplett@cigna.com, Eric.Palmer@cigna.com, barnett.barbara@dol.gov, ADA.Complaint@usdoj.gov, OCRComplaint@hhs.gov, "casework@warnock.senate.gov" <casework@warnock.senate.gov>, CaseworkTeam@ossoff.senate.gov

To Whom It May Concern,

Earlier today, Cigna representative Eileen falsely stated that policyholders are **not permitted to connect with Medical Directors**. This is an **objectively incorrect statement** that violates both internal Cigna policy and federal patient rights protections under **ERISA 29 C.F.R. § 2560.503-1**. It will be forwarded to regulatory authorities including **EBSA**, **OCR**, and my **State Department of Insurance**.

Let me be clear:

- This is **not a request** to speak with a Medical Director.

- This is **a formal demand** that my case be immediately escalated to Cigna's Medical Director, as it has been over **five months since a documented post-operative surgical failure** was reported — with zero meaningful response.

- You are knowingly delaying a federally protected review process and interfering with my access to medically necessary care — an **ERISA and ADA violation**.

Secondly, regarding the **Vyvanse reimbursement**:

Despite repeatedly demanding a refund for the **brand-name Vyvanse prescription** I paid for out-of-pocket due to Cigna's mismanagement, you instead pushed through an "authorization" for the brand version through **July 14, 2026** — **after I've already gone without the medication for months** due to your delay and obstruction. That is **not resolution — that is evasion**.

Let me be extremely clear once again:

- **I am not using the medication currently.**

- **I did not ask for a future authorization.**

- I have been demanding a **refund** for over two months.

- Meredith from Escalation actively refused accountability last week, shifting blame to my provider — who has since confirmed that **Cigna never followed proper outreach protocol.**

What I'm facing is not incompetence. It is a **coordinated pattern of obstruction, gaslighting, and regulatory evasion**.

So, to summarize:

- This email now serves as a **formal notice** of **continued bad-faith conduct**, **obstruction of urgent medical care**, and **refusal to provide financial reimbursement** for a life-essential medication caused solely by your team's delay.

- I will be forwarding this correspondence to the **Department of Labor**, the **Office for Civil Rights**, and my **state's Office of the Attorney General**, as well as **re-engaging legal counsel** to initiate civil action if immediate resolution is not received.

CC'd on this communication are:

- **Mike Triplett**, Cigna Executive Leadership

- **David Cordani**, Cigna CEO

- **Eric Palmer**, Cigna Executive Team

- Cigna Executive Escalations and Claims Departments

Let me be extremely clear for the last time:

I am not "requesting" assistance.
I am **demanding** formal action.
I will not tolerate another deflection, delay, or misrepresentation.

Resolve both outstanding issues — **Medical Director escalation** and **Vyvanse refund** — immediately.

Sincerely,
Amari Moody
DOB: 04/20/1998
Cigna ID: U9236485401
Phone: 470-755-0445
Email: amoodyjames23@gmail.com

[Quoted text hidden]

---

**casework@warnock.senate.gov** <casework@warnock.senate.gov>                    Tue, Jul 15, 2025 at 6:48 PM
To: amoodyjames23@gmail.com

Hello,

Thank you for contacting the Office of Senator Reverend Raphael Warnock. We will forward your message to the appropriate staff member who will follow up with you. If you are in need of immediate assistance, please contact our Atlanta office at 770-694-7828.

For those looking for the privacy release forms, they are located on the Senator's website on this page: warnock.senate.gov/privacy-release-forms.

Thank you.

---

**Amari Moody** <amoodyjames23@gmail.com>                    Tue, Jul 29, 2025 at 5:13 PM
To: execsupport@evernorth.com
Cc: escalationteam@cigna.com, david.cordani@cigna.com, Mike.Triplett@cigna.com, Eric.Palmer@cigna.com, barnett.barbara@dol.gov, ADA.Complaint@usdoj.gov, OCRComplaint@hhs.gov, "casework@warnock.senate.gov" <casework@warnock.senate.gov>, CaseworkTeam@ossoff.senate.gov

So it's July 29th. There's been no correction regarding the Vyvanse reimbursement. Cigna has continued to actively decline or deny me the right to speak with a medical director despite having more than 3 CT Scans & MRI's done post operatively from a procedure that wasn't even 6 months ago, and I've been served with 3 termination of care letters upon requesting a medical opinion in writing for why the revised surgery that I've been requesting be denied. **Three providers. 2 and a half months in Georgia alone. I had the surgery done in February at New York. I've seen over 60 providers. I've been to the ER Twice. Doctors can dismiss my condition but they can't fill out FMLA paperwork that also validates the negative impact of my quality of life that I've yet to return to since the procedure. I'm in Georgia because my surgeon has continued to gaslight and deflect responsibility between March and the first half of May. And Cigna's excuse is that policyholders do not speak with medical directors. I was also told that someone is filling out diagnostic codes and pre-authorization codes on my behalf, yet Eileen refused to share with me who that person even was. So I don't know why this circus of a situation is continuing but I am suing like pretty much all Cigna affiliated parties.**

And I am very clearly **demanding an audience with a medical director.**

Cigna's incompetence to address a disabled individual's needs are neither my responsibility, nor do I care to hear anymore excuses or any further delays. I expect a phone call no later than 11 am tomorrow.

**Unsincerely,**

Amari Moody.

I do not enjoy being rude and nasty as a person. But I also do not enjoy elevated blood pressure, oxygen damage to the brain akin to that of individuals with concussions and **dementia**, and to have to continue micromanaging every single medical provider, insurance agent, third party administrators, employer management (between store and regional levels), and that of my school.

But since nobody has done their job. Now I have to continue doing everything myself.

I would not **advise** additional acts of retaliation on top of that of my employer, 60+ medical providers, my university, and

4/11/26, 12:33 PM
Case 1:26-cv-01253-UNA    Document 1-1    Filed 04/11/26    Page 12 of 27
Gmail - Time-sensitive escalation: Medical Director involvement required due to documented systemic delay and obstruction of care

so many others. I write these emails in order for y'all to correct your behaviors. I don't "need" anything from anyone else.

I'll sue everyone in Georgia and New York before my condition deteriorates any further. Everyone better have a good lawyer, you're gonna need one.

[Quoted text hidden]

---

**casework@warnock.senate.gov** <casework@warnock.senate.gov>
To: amoodyjames23@gmail.com

Tue, Jul 29, 2025 at 5:21 PM

[Quoted text hidden]

---

**Goodmark, Ari (Ossoff Intern)** <Ari_Goodmark_intern@ossoff.senate.gov>
To: "amoodyjames23@gmail.com" <amoodyjames23@gmail.com>

Wed, Jul 30, 2025 at 9:49 AM

Thank you for contacting our office and allowing us to assist you. We have received your request for assistance via the email you have submitted. And we have sent a Privacy Release Form that needs to be filled out and returned to our office. Once we have received your release form, we will forward your information over to the appropriate caseworker to begin working on your congressional inquiry.

Best,

Casework Team

Office of U.S. Senator Jon Ossoff

271 17th Street NW

Atlanta, GA 30363

Suite 1510

Office: 470-786-7800

E: Caseworkteam@ossoff.senate.gov

**From:** CaseworkTeam (Ossoff) <caseworkteam_@ossoff.senate.gov>
**Sent:** Wednesday, July 30, 2025 9:10 AM
**To:** Goodmark, Ari (Ossoff Intern) <Ari_Goodmark_intern@ossoff.senate.gov>
**Subject:** FW: Time-sensitive escalation: Medical Director involvement required due to documented systemic delay and obstruction of care

[Quoted text hidden]

# DOL Voicemail Transcripts

Caller: +1 (866) 444-3272  |  Re: Amari Moody

## Voicemail 1 — August 8, 2025 at 6:09 PM

**Duration:** 0:37  |  **Caller ID:** Unknown  |  **Transcript Confidence:** Standard

> *This message is for Amari Moody. My name is Barbara. I'm calling from the US Department of Labor you put another web inquiry in on our website today and I was following up with you in regards to that. Calvin Terry is the benefit advisor that is working with you on your inquiry. He is out of the office today and I have sent him a voicemail message letting him know that you had reached out again today. So you can reach him on Monday thank you and have a great weekend.*

## Voicemail 2 — August 21, 2025 at 4:45 PM

**Duration:** 0:51  |  **Caller ID:** Unknown  |  **Transcript Confidence:** Low

> *OK, hi Mr. Moody OK, I was just talking to you. This is Kelvin Terry with your department of labor and I think the best course of action is if you were to write down specifically each question that you said you had mentioned the mediator if you could write the questions down then we can speak about the questions tomorrow and then we can put them on notice that we made a conversation invested things that we were looking for to get them to respond in writing if you. Do that between now and tomorrow at 1 o'clock that would be the best way to address any outstanding. My number My number 40430239 Wi-Fi.*

## Voicemail 3 — September 10, 2025 at 11:01 AM

**Duration:** 1:50  |  **Caller ID:** Unknown  |  **Transcript Confidence:** Low (partial — end of message only captured)

> *We Three 302 3955 That's Sorry Sorry for the rambling, but our office is here to assist. We're we're here to go to bat for you. Give me a call at your earliest convenience. The time now is approximately 11 o'clock today is. Wednesday, September 10, 2025 thank you.*

---

*Note: All three voicemails originate from +1 (866) 444-3272, identified as US Department of Labor. Voicemail 3 is 1:50 in duration; the transcript captures the tail end of the message only. Low confidence transcripts (VM2, VM3) may contain transcription errors.*

 **Gmail**                                                                                                   **Amari Moody <amoodyjames23@gmail.com>**

---

## EBSA Atlanta Enabling ERISA Violations and Wage Theft (Sedgwick/Unum)

6 messages

---

**Amari Moody** <amoodyjames23@gmail.com>                                                  Thu, Aug 28, 2025 at 11:58 AM
To: casework@warnock.senate.gov, "Office of U.S. Senator Jon Ossoff" <casework@ossoff.senate.gov>
Cc: michael.arbour@sedgwick.com, rmckenney@unum.com, "Doss, Brooke (Warnock)"
<Brooke_Doss@warnock.senate.gov>, ebsa.opr@dol.gov, terry.kelvin@dol.gov

Dear Senator Ossoff / Dear Senator Warnock,

I am a Georgia resident writing to request **immediate oversight intervention** regarding unlawful denial and
suspension of disability benefits by Sedgwick Claims Management and Unum, compounded by the **U.S.
Department of Labor's Employee Benefits Security Administration (EBSA) Atlanta office's refusal to
enforce clear ERISA protections.**

---

## Background

- I was employed by **Starbucks Corporation** and insured under a disability plan administered by
  **Unum** and facilitated by **Sedgwick**.

- On **February 26, 2025**, I underwent surgery and properly filed my disability claim. Benefits began, but
  were **cut off May 28, 2025** without lawful notice, despite ongoing disability and valid documentation.

- Since then, Sedgwick has engaged in **delay tactics, defective denial letters, and
  misrepresentation of the plan as "non-ERISA."** They failed to honor HIPAA releases, blocked my
  appeal rights, and even admitted that required appeal paperwork "does not exist" — despite having it
  in their own internal files.

---

## Critical Federal Oversight Failure

EBSA Atlanta (Mr. **Kelvin Terry**) has repeatedly failed to act. Instead of compelling Sedgwick to comply with
ERISA:

- He stated Sedgwick "would not provide information" unless I participated in a **conference call** with
  them. This unlawfully shifts EBSA's enforcement duty back onto me, effectively turning oversight into
  **mediation**.

- He told me I would need to "meet the terms of the Plan to be deemed disabled," improperly adopting
  Sedgwick's role rather than enforcing compliance.

- He misrepresented my appeal rights by giving oral explanations instead of requiring Sedgwick to
  issue proper **written notices** under ERISA.

This is a direct abdication of EBSA's statutory enforcement authority under **ERISA §503** and **29 C.F.R. §2560.503-1.**

## Shannon Mays (Sedgwick Quality Control Manager) – Grounded Violations

Sedgwick's own records and my communications with Ms. Mays establish black-letter violations:

1. **Defective Denial Notices** – June 24 and July 2 "unapproved leave" letters lacked reasons, plan provisions, and appeal rights, violating ERISA §503.

2. **Misrepresentation of ERISA** – She stated in writing that "Starbucks is non-ERISA," a false and unlawful claim that stripped me of federal protections.

3. **Obstruction of Appeal Rights** – She admitted on Aug. 11 that "no appeal form exists," while Sedgwick's internal documents show otherwise.

4. **Improper Claim Handling** – She continued contacting providers after claiming the file was closed, creating contradictory records.

5. **Failure to Document Calls & Outreach** – Sedgwick logs omit her Aug. 11 voicemail, a 27-minute call with me, and provider contacts. ERISA requires a complete claim file.

6. **Retaliation** – My claim was marked closed the very day I asserted my ERISA rights to her.

These are not clerical mistakes — they are **knowing procedural obstructions** and fiduciary breaches.

## Violations (Representative)

- **ERISA §503, 29 U.S.C. §1133** – No clear written denial, no appeal rights.

- **29 C.F.R. §2560.503-1(g)–(h)** – No valid adverse benefit determination, no fair review.

- **HIPAA & ERISA fiduciary duty** – Refused to use my signed medical release; shifted burden back to me.

- **29 U.S.C. §1140 (ERISA retaliation)** – Benefits cut immediately after asserting rights.

- **EBSA Misconduct** – Kelvin Terry allowed Sedgwick to dictate terms of oversight, refused to compel compliance, and delayed enforcement past statutory deadlines.

## Why Oversight Is Urgently Needed

- I have been without benefits for nearly three months — leaving me unable to meet basic obligations like rent, tuition, and medical bills.

- EBSA Atlanta has **enabled wage theft** by accepting Sedgwick's refusal to comply instead of enforcing the law.

- This is no longer a matter of "disagreement." These are **documented statutory violations** and failures of federal enforcement.

---

## Requested Action

I respectfully request that your office:

1. **Initiate Senate oversight** of EBSA Atlanta's handling of this case.

2. **Demand immediate reinstatement of my disability benefits with back pay.**

3. **Refer Sedgwick and Unum to the Department of Justice and the Department of Labor Office of Inspector General** for systemic bad-faith administration and obstruction.

Elevate this matter beyond congressional liaisons by requesting direct review with the **EBSA Regional Director** and, if necessary, a **policy-level inquiry to the Department**. Sincerely,
**Amari J. Moody**

---

**casework@warnock.senate.gov** <casework@warnock.senate.gov>                    Thu, Aug 28, 2025 at 12:00 PM
To: amoodyjames23@gmail.com

Hello,


Thank you for contacting the Office of Senator Reverend Raphael Warnock. We will forward your message to the appropriate staff member who will follow up with you. If you are in need of immediate assistance, please contact our Atlanta office at 770-694-7828.

For those looking for the privacy release forms, they are located on the Senator's website on this page: warnock.senate.gov/privacy-release-forms.


Thank you.

---

**Amari Moody** <amoodyjames23@gmail.com>                                       Thu, Aug 28, 2025 at 12:07 PM
To: casework@warnock.senate.gov, "Office of U.S. Senator Jon Ossoff" <casework@ossoff.senate.gov>
Cc: michael.arbour@sedgwick.com, rmckenney@unum.com, "Doss, Brooke (Warnock)" <Brooke_Doss@warnock.senate.gov>, ebsa.opr@dol.gov, terry.kelvin@dol.gov

[Quoted text hidden]

---

**3 attachments**



**Shannon's Non-ERISA.png**
561K

 **Shannon Mays' Role – Grounded Violations.pdf**
78K

 **Kelvin's Statement – Violations & Legal Issues.pdf**
85K

---

**Doss, Brooke (Warnock)** <Brooke_Doss@warnock.senate.gov>             Thu, Aug 28, 2025 at 2:05 PM
To: Amari Moody <amoodyjames23@gmail.com>

This is received, and I see it has already been sent to the U.S. DOL, as well.

Thank you,

# Brooke Doss (she/her)

Constituent Services Representative

**Office of Senator Reverend Raphael Warnock**

P: 770-694-7802

C: 404-852-5778

[Quoted text hidden]

---

**Amari Moody** <amoodyjames23@gmail.com>                              Wed, Sep 3, 2025 at 11:38 PM
To: casework@warnock.senate.gov, "Office of U.S. Senator Jon Ossoff" <casework@ossoff.senate.gov>
Cc: michael.arbour@sedgwick.com, rmckenney@unum.com, "Doss, Brooke (Warnock)"
<Brooke_Doss@warnock.senate.gov>, ebsa.opr@dol.gov, terry.kelvin@dol.gov

1) Sedgwick – ERISA Short-Term Disability (STD) Claim
This is a federal case. Sedgwick is handling Starbucks' STD plan, and that plan is covered by ERISA.
Shannon Mays told me Starbucks STD isn't ERISA. That's false—ERISA applies. That lie alone is an enforcement hook.
They opened and closed an "appeal" in my name without my consent. That's tampering with my administrative record.
They approved me through May 27, then extended deadlines into June, but cut off pay anyway—without a proper written
denial (called an "adverse benefit determination" or ABD). I signed an authorization May 8; they admitted it but never used
it to contact providers. They also never ordered an independent medical exam (IME), which ERISA requires when records
aren't available. I asked Sedgwick to forward the state disability form to Starbucks HR. They flatly refused, even though
as Starbucks' leave administrator, that's their job. Claim closed after I invoked ERISA and asked for a supervisor. That
triggers ERISA §510 (retaliation/interference). I have a clean ERISA case: multiple procedural violations, constructive
denial, retaliation, and fiduciary breaches. I can demand reinstatement of benefits and sue in federal court under ERISA
§502(a)(1)(B) (to recover benefits) and §502(a)(3) (to correct procedural failures and fiduciary breaches). I have grounds
for a TRO/preliminary injunction: show irreparable harm (lost wages, retaliation), likelihood of success (they didn't follow
ERISA procedures), and balance of equities (ERISA requires fairness). Sedgwick is legally cornered—I can escalate
through EBSA and file in federal court with confidence.

2) Unum – New York DBL (State Disability Benefits)
This is a state case. Unum handles New York's statutory Disability Benefits Law (DBL). These are not ERISA claims—
they're state insurance benefits. Contradictory Handling: They denied my claim in April for "no records," then approved me

Gmail - EBSA Dual Claim Handling: ERISA Violations and Wage Theft (Sedgwick/Unum)

later (through 5/27), then extended again (through 6/4). That's sloppy and inconsistent.They asked for "records" but never specified what exactly was needed. They had my signed authorization but didn't act on it promptly. Failure to Investigate: With providers refusing care, Unum should have ordered an IME or peer review. They didn't.

On July 10, they admitted to withholding the wrong taxes and demanded repayment. That undermines credibility, though it's minor compared to the claim mishandling. I can file with NY Department of Financial Services (DFS) under Insurance Regulation 64: they delayed, made vague requests, and failed to investigate reasonably. I can file with the NY Workers' Comp Board (WCB): they regulate DB-450/DB-451 forms. I can argue that Unum mishandled my DB-451, wrongly cut off benefits, and failed to process my claim consistently. I'm entitled at minimum to coverage from Feb 26 → May 27 (already approved), plus June 4 extension. Anything beyond that I can fight for through WCB/DFS. With Unum, the path isn't federal ERISA—it's state regulators (DFS, WCB). I already have a case for unfair claims handling and inconsistent administration.

[Quoted text hidden]

---

**casework@warnock.senate.gov** <casework@warnock.senate.gov>                    Wed, Sep 3, 2025 at 11:41 PM
To: amoodyjames23@gmail.com

[Quoted text hidden]

**Amari Moody <amoodyjames23@gmail.com>**

## Meeting Conditions
2 messages

---

**Amari Moody** <amoodyjames23@gmail.com>    Wed, Sep 10, 2025 at 12:18 PM
To: terry.kelvin@dol.gov

You'll receive a formalized response shortly.

In receipt of your voicemail, you mention how I have to meet the terms for the plan of whatever relevant party.

How are you speaking to me about needing to meet the requirements of a plan that you said that you need my consent to inquire about?

The two primary issues with Sedgwick is their refusal to follow their own internalized policies, for starters, and secondly, you mentioned not taking sides but your focused point in the voicemail is that I did not do xyz. That does not seem very neutral to me, especially given that you lack the necessary information to make such decisions or statements, at least through the information that Sedgwick hasn't provided you with.

There is no plan that states that Third Party Administrators like Sedgwick nor that of Unum (the second party that you initially acknowledged and conveniently neglect to mention as a similar but separate issue that also requires the right kind of escalated attention) are legally permitted to withhold payments once these "plans" are in motion.

Let me rephrase this: if I go to a judge and I say "hey Judge, my claim/plan started on April 22nd and ended on August 10th. The issue with this specific part of my problem with Sedgwick AND Unum is that I should have been paid for the full duration between April 22nd and August 10th," they're going to assume I'm being unserious due to how illegal the very concept of that NOT happening (which is the main issue) is.

Understand?

April 22nd - Aug 10th. If that's what the claim's activity was documented, that's the payment that's expected to have been received. That never happened. Thus primary issue number one. The fact that this is even a debate is ridiculous.

You'll get the formal response later. The very "plan" encapsulating disability that's being argued on both fronts are for someone who had a surgery, went to the ER twice less than 2 months after the procedure and has medically documented brain, eye, and nerve damage.

That's what you're debating.

Whether or not I meet disability plans for something that satisfies the government's definition of disability.

---

**Amari Moody** <amoodyjames23@gmail.com>    Wed, Sep 10, 2025 at 12:21 PM
To: terry.kelvin@dol.gov

Mind you we spoke about this on the phone on July 24th. It's September 10th. I need you to be realistic with this, and saying you need verbal consent as an excuse for documented illegal activity is very questionable to say the least.

Sent from my iPhone

> On Sep 10, 2025, at 12:19 PM, Amari Moody <amoodyjames23@gmail.com> wrote:
>
> You'll receive a formalized response shortly.
[Quoted text hidden]

M **Gmail**                                                                **Amari Moody <amoodyjames23@gmail.com>**

---

## Written Deliverables & Authority Basis (Moody v. Sedgwick/Unum)

2 messages

---

**Amari Moody** <amoodyjames23@gmail.com>                          Wed, Sep 10, 2025 at 12:56 PM
To: terry.kelvin@dol.gov
Cc: ebsa.opr@dol.gov, casework@warnock.senate.gov, CaseworkTeam@ossoff.senate.gov

Mr. Terry,

This follows your 11:01 a.m. voicemail.

1. **EBSA authority (no consent required):** Please identify the statute or regulation that requires my verbal consent for EBSA to obtain records from Sedgwick/Unum. ERISA grants EBSA investigatory power; no such consent requirement appears in Title I or 29 C.F.R. Part 2560.

2. **Mandatory written notices:** I have never been provided a compliant adverse benefit determination (ABD) or appeal rights. ERISA §503, 29 U.S.C. §1133; 29 C.F.R. §2560.503-1(g)–(j). "Unapproved leave" letters are **not** ABDs.

3. **Nonpayment during claim life:** Sedgwick/Unum recorded active claim/appeal dates yet withheld pay. Please confirm the plan/legal basis under which benefits can be suspended without a written ABD during an active period.

4. **Returned mail = constructive denial:** Sedgwick acknowledged returned/RTS mail despite having my current address and made no remediation. That defeats "actual notice" and frustrates appeal rights.

**Requested EBSA actions (in writing):**

- Confirm EBSA has requested from Sedgwick/Unum: (a) complete claim files, (b) all notices/ABDs, (c) internal notes/call logs, (d) policies relied on, and (e) payment ledgers.

- Direct Sedgwick to issue compliant written determinations and appeal rights or reinstate benefits with back pay pending review.

- Provide **EBSA's authority basis** for any assertion that my verbal consent or presence is required.

Please respond in writing within **5 business days** so I can finalize my OIG submission.

Sincerely,
Amari J. Moody

---

**casework@warnock.senate.gov** <casework@warnock.senate.gov>            Wed, Sep 10, 2025 at 1:01 PM
To: amoodyjames23@gmail.com

Hello,

Thank you for contacting the Office of Senator Reverend Raphael Warnock. We will forward your message to the appropriate staff member who will follow up with you. If you are in need of immediate assistance, please contact our Atlanta office at 770-694-7828.

For those looking for the privacy release forms, they are located on the Senator's website on this page: warnock.senate.gov/privacy-release-forms.

Thank you.

Case 1:26-cv-01253-UNA   Document 1-1   Filed 04/11/26   Page 21 of 27

 **Gmail**

**Amari Moody <amoodyjames23@gmail.com>**

## EBSA (DOL) – Neglect of Duty Notice and Formal Supplement
1 message

**Amari Moody** <amoodyjames23@gmail.com>                    Thu, Oct 16, 2025 at 3:26 PM
To: ebsa.opr@dol.gov, terry.kelvin@dol.gov, barnett.barbara@dol.gov

Dear Regional Director and Office of Inspector General,

I am submitting this formal notice regarding both (1) Sedgwick's systemic violations of ERISA §§ 503 and 404 and (2) EBSA's failure to perform its statutory enforcement duties.

**Fiduciary Misconduct by Sedgwick:**
• Unauthorized appeal creation and medical record requests without consent;
• Contradictory records ("Claim in Appeal = Yes" / "Closed – Terminated");
• False "non-ERISA" representations by Shannon Mays; and
• Defective June 24 denial lacking appeal instructions.

**Agency Neglect of Duty by EBSA (Atlanta Region):**
• Barbara Barnett and Kelvin Terry misclassified my complaint as "informal" contrary to EBSA Manual § 2(B);
• Failure to acknowledge evidence or preserve records under 44 U.S.C. § 3101; and
• Improper conditioning of enforcement on "mediation" rather than compulsory investigation (ERISA § 504).

I am therefore requesting supervisory review and reassignment of my case to the Office of Enforcement, as well as a written explanation of EBSA's handling to date. Please treat this as a formal OIG-notified submission.

I can attach upon request: (1) Sedgwick Breakdown – Oct 16 Brief, (2) Sedgwick Appeal Timeline, (3) EBSA Violation Files – Barnett/Terry.

Respectfully,
Amari Moody

 **Gmail**

**Amari Moody <amoodyjames23@gmail.com>**

## FW: Congressional Referral Re: Mr. Amari Moody

1 message

**Doss, Brooke (Warnock)** <Brooke_Doss@warnock.senate.gov>     Wed, Dec 3, 2025 at 8:55 AM
To: Amari Moody <amoodyjames23@gmail.com>

Good morning,

Please see the below final response our office received from the U.S. Department of Labor on your behalf.

Thank you,

## Brooke Doss (she/her)

Constituent Services Representative

**Office of Senator Reverend Raphael Warnock**

---

**From:** "EBSA"
**Date:** Tuesday, December 2, 2025 at 5:01 PM
**To:** "casework@warnock.senate.gov" <casework@warnock.senate.gov>
**Subject:** Congressional Referral Re: Mr. Amari Moody

Dear Senator Warnock Casework Staff Associates,

The U.S. Department of Labor, through the Employee Benefits Security Administration, (EBSA), is responsible for administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 (ERISA). Title I establishes standards governing the operation of employee benefit plans such as the Starbucks Corporation Short-Term Disability Plan.

EBSA received the first web inquiry from your constituent, Mr. Amari Moody, on June 16, 2025. We have been in contact with Mr. Moody on several occasions and received a total of 11 subsequent inquiries. This correspondence is in response to Senator Warnock's staffer correspondence to EBSA dated July 14, 2025.

Mr. Moody is upset that his Short-Term Disability claim through the Plan's administrator, Sedgwick Claims Management Services ("Sedgwick"), was denied. Mr. Moody states that he was not afforded appeal rights for the denied claim; but he has not cooperated with our efforts to get additional information from Sedgwick.

Senior Benefits Advisor Kelvin Terry of this office explained to Mr. Moody that EBSA has procedures in place to assist participants.  Mr. Moody stated that he does not want a "mediator".  Mr. Moody has been uncooperative with EBSA's efforts to assist him.  On August 21, 2025, Mr. Moody abruptly disconnected a telephone conversation with Mr. Terry before the conversation was concluded.  Mr. Terry immediately called Mr. Moody back and left a detailed voicemail to which Mr. Moody did not respond.  On August 21st, before Mr. Moody hung up the phone, Mr. Moody agreed with Mr. Terry to conduct a 1pm conference call to Sedgwick to take place on the following day.  On August 22nd, Mr. Terry called Mr. Moody's telephone number, and he was not available, and the voicemail would not allow a message to be left on the answering machine.  Mr. Terry then sent an email for Mr. Moody to contact this office for further assistance.

On September 10, 2025, Mr. Terry left another detailed voice mail message for Mr. Moody to contact this office so that we could conduct a conference call.  We have not received a response from Mr. Moody.

EBSA's procedures require us to obtain the information from both the participant and the employer or delegated service provider.  Once the information is collected, we review the process of the claims to determine if the Plan rules are followed.  We also make sure that participants are afforded their appeal rights under the law.  If the Plan rules have been followed properly and the participant still disagrees with the outcome; the participant has the right to file a civil suit under ERISA.  We advise participants to contact Legal Aid Organizations for civil suit assistance.

Mr. Terry explained to Mr. Moody that although a person may have paid for Short Term Disability, they will need to meet the criteria outlined in the Plan document provisions for a claim to be approved. Also, Mr. Moody provided portions of his medical records to EBSA to support his disability claim.  EBSA does not make factual or benefit determinations.

Mr. Moody also presented other issues that fall outside the scope of EBSA's jurisdiction.  The following are matters that are to be addressed by other governing entities.

1. FMLA request is governed by USDOL Wage and Hour Division.  Whose contact information is (678) 237-0521.
2. Wrongful termination citing race, health condition, or other factors is (800) 669-4000.
3. Request for extended leave, depending on the facts and circumstances, may fall under WHD or EEOC cited above.
4. The UNUM Insurance claim is for the New York State Disability Insurance.  Send to Unum Insurance Corporate Complaints Department - B268 2211 Congress Street Portland, Maine 04122 E-mail: CustRel@Unum.com Fax: 1-423-386-2056.
5. Complaints against medical providers in New York should be the Office of Professional Medical Conduct at (800) 663-6114.
6. Complaints against medical providers in Georgia should be directed to Georgia Composite Medical Board at (404) 656-3913.

Our office is available to assist Mr. Moody regarding the Starbucks Short-Term Disability coverage that is administered by Sedgwick Claims Management Services. However, we need his cooperation to provide assistance.  We've made numerous attempts to assist Mr. Moody and are, therefore, bringing this matter to a close.  If Mr. Moody wants further assistance, he may contact Senior Benefits Advisor Kelvin Terry at (404) 302-3955.

Thank you,

Alycya Henderson

Supervisory Benefits Advisor

Employee Benefits Security Administration

Case 1:26-cv-01253-UNA    Document 1-1    Filed 04/11/26    Page 24 of 27

Gmail - UFCW Congressional Federal Re: Mr. Zohari Morauy

U.S. Department of Labor

Case 1:26-cv-01253-UNA　Document 1-1　Filed 04/11/26　Page 25 of 27

 Gmail

**Amari Moody <amoodyjames23@gmail.com>**

---

## Constituent Services for Jon Ossoff (Intranet Quorum IMA00245770)

---

**Office of U.S. Senator Jon Ossoff(imailagent)** <casework@ossoff.senate.gov>　　Thu, Apr 9, 2026 at 3:19 PM
To: amoodyjames23@gmail.com

**JON OSSOFF**
GEORGIA

**317 HART SENATE OFFICE BUILDING**
WASHINGTON, DC 20510
(202) 224-3521

## United States Senate

WASHINGTON, DC 20510–1011

April 9, 2026

Mr. Amari Moody
2390 Millwater Crossing
Dacula, GA 30019-3252

Dear Mr. Moody,

Enclosed is a copy of the report I have obtained from Department of Labor about your case. I trust this report fully addresses your concerns.

Thank you for allowing my office to assist you. It is my true honor to represent you in the U.S. Senate and it has been an honor to assist you with your casework concern.

Please contact my office again in the future if I can be helpful to you with a federal casework or legislative concern.

Sincerely,

Jon Ossoff
United States Senator

---

**2 attachments**

📄 **WF Attachment 8668970 DOL Response.docx**
18K

📄 **IQFormatFile.txt**
1K

Please find the response from the Inquiries Team:

The U.S. Department of Labor, through the Employee Benefits Security Administration, (EBSA), is responsible for administration and enforcement of Title I of the Employee Retirement Income Security Act of 1974 (ERISA).  Title I establishes standards governing the operation of employee benefit plans such as the Starbucks Corporation Short-Term Disability Plan.

EBSA received the first web inquiry from your constituent, Mr. Amari Moody, on June 16, 2025.  We have been in contact with Mr. Moody on several occasions and received a total of 11 subsequent inquiries.  This correspondence is in response to Senator Warnock's staffer correspondence to EBSA dated July 14, 2025.

Mr. Moody is upset that his Short-Term Disability claim through the Plan's administrator, Sedgwick Claims Management Services ("Sedgwick"), was denied.  Mr. Moody states that he was not afforded appeal rights for the denied claim; but he has not cooperated with our efforts to get additional information from Sedgwick.

Senior Benefits Advisor Kelvin Terry of this office explained to Mr. Moody that EBSA has procedures in place to assist participants.  Mr. Moody stated that he does not want a "mediator".  Mr. Moody has been uncooperative with EBSA's efforts to assist him.  On August 21, 2025, Mr. Moody abruptly disconnected a telephone conversation with Mr. Terry before the conversation was concluded.  Mr. Terry immediately called Mr. Moody back and left a detailed voicemail to which Mr. Moody did not respond.  On August 21st, before Mr. Moody hung up the phone, Mr. Moody agreed with Mr. Terry to conduct a 1pm conference call to Sedgwick to take place on the following day.  On August 22nd, Mr. Terry called Mr. Moody's telephone number, and he was not available, and the voicemail would not allow a message to be left on the answering machine.  Mr. Terry then sent an email for Mr. Moody to contact this office for further assistance.

On September 10, 2025, Mr. Terry left another detailed voice mail message for Mr. Moody to contact this office so that we could conduct a conference call.  We have not received a response from Mr. Moody.

EBSA's procedures require us to obtain the information from both the participant and the employer or delegated service provider.  Once the information is collected, we review the process of the claims to determine if the Plan rules are followed.  We also make sure that participants are afforded their appeal rights under the law.  If the Plan rules have been followed properly and the participant still disagrees with the outcome; the participant has the right to file a civil suit under ERISA.  We advise participants to contact Legal Aid Organizations for civil suit assistance.

Mr. Terry explained to Mr. Moody that although a person may have paid for Short Term Disability, they will need to meet the criteria outlined in the Plan document provisions for a claim to be approved. Also, Mr. Moody provided portions of his medical records to EBSA to support his disability claim.  EBSA does not make factual or benefit determinations.

Mr. Moody also presented other issues that fall outside the scope of EBSA's jurisdiction.  The following are matters that are to be addressed by other governing entities.

1. FMLA request is governed by USDOL Wage and Hour Division.  Whose contact information is (678) 237-0521.
2. Wrongful termination citing race, health condition, or other factors is (800) 669-4000.
3. Request for extended leave, depending on the facts and circumstances, may fall under WHD or EEOC cited above.
4. The UNUM Insurance claim is for the New York State Disability Insurance.  Send to Unum Insurance Corporate Complaints Department - B268 2211 Congress Street Portland, Maine 04122 E-mail: CustRel@Unum.com Fax: 1-423-386-2056.
5. Complaints against medical providers in New York should be the Office of Professional Medical Conduct at (800) 663-6114.
6. Complaints against medical providers in Georgia should be directed to Georgia Composite Medical Board at (404) 656-3913.

Our office is available to assist Mr. Moody regarding the Starbucks Short-Term Disability coverage that is administered by Sedgwick Claims Management Services. However, we need his cooperation to provide assistance.  We've made numerous attempts to assist Mr. Moody and are, therefore, bringing this matter to a close.  If Mr. Moody wants further assistance, he may contact Senior Benefits Advisor Kelvin Terry at (404) 302-3955.